GRACIANI, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Mortgage.

No. 306.—Decided March 21, 1917.

RECORD OF TITLE—POSSESSORY TITLE—MORTGAGE—CAPACITY OF PARTY.—When a property is recorded by virtue of a possessory title proceeding in which it appears that the appellant was a widower at the time he acquired the property, the registrar is not authorized upon the subsequent presentation for record of a mortgage on the said property to examine other entries or documents of his office relating to a different property and showing that the appellant was married at the time of the acquisition of the property; for the registrar must determine the legality of the title from the documents presented, taking into account the other records in the registry relating to the same property.

ID.—DENIAL OF ADMISSION TO RECORD—GROUNDS OF DECISION—BRIEF.—When a mortgage is refused admission to record for the reason that the legal character of the mortgaged property and, consequently, the capacity of the party to encumber the same as his own property cannot be determined, the registrar cannot assign another and different reason in his brief on appeal, as he has done in the present case, namely, that from other records in the registry it appears that the appellant was married when he acquired a part of the property which he mortgages while a widower; for the registrar should not assign the legal reasons for his decision in his brief, it being his duty, under the imperative provisions of the law, to set them out clearly at the foot of the document presented. When the reason assigned in the brief is different from that set out in the decision appealed from, the reason assigned in the brief cannot be considered on appeal.

The facts are stated in the opinion.

*Mr. Enrique Blanes* for the appellant.

The respondent appeared *pro se.*

Mr. Justice Wolf delivered the opinion of the court.

José María Graciani y Pérez, desiring to negotiate promissory notes payable to bearer, executed a mortgage to secure the same within the registry district of San Germán. The registrar refused to record the mortgage in the following note:

"Record of the foregoing document is denied for the reason that the legal character of the mortgaged property cannot be determined, nor, consequently, the right of José María Graciani y Pérez, who acquired the said property by purchase in the years 1903 and 1905, to encumber it as his own property, in accordance with the decision of the Supreme Court of Porto Rico in the case of *Pujals* v. *The Registrar of Property,* 20 P. R. R. 43; and in lieu thereof a cautionary notice is taken for 120 days on folio 30, volume 50, of this municipality."

The appellant filed a certificate from the registry wherein he showed that the title of appellant as recorded arose from a possessory judgment rendered by the District Court of Mayagüez and that in such possessory title or certificate the fact appeared that the appellant was a widower at the time of the acquisition of the property in question. The appellant filed a brief to demonstrate that where the capacity appears from a previous inscription of the same property the owner does not have to show in a subsequent title his capacity to alienate property so shown to be his own and not ganancial. The appellant also shows how different the facts were in *Pujals* v. *Registrar,* cited by the registrar.

In his answer, the registrar concedes that, in accordance with the possessory title recorded, the appellant was a widower at the time of the acquisition of the said mortgaged property, but filed an additional certificate to show the existence of another deed relating to another and distinct property, in which said deed there is a recital made that appellant was married at the date of the acquisition of a portion of the property now sought to be mortgaged. By this deed, made on November 15, 1916, the said José María Graciani y

Pérez, a widower, and his children José María and María Concepción Graciani y Perdomo ratified in all its parts the sale of a piece of property of 14 *cuerdas* to Francisco Irizarry in the month of December, 1903, acquired by the appellant, while married, on March 5, 1891, the parties stating that said deed had not been made on account of the illness at that time of the wife of the appellant, María Engracia Perdomo y Ramos, who died on January 13, 1904, without having fulfilled that formality.

The registrar is under no duty to ransack his records to find indications of a state of facts differing from the one appearing in the record of a particular piece of property. Section 17 of the Mortgage Law provides that after any deed conveying the ownership or the possession of real property or of property rights therein shall have been recorded, or a cautionary notice thereof entered, no other deed of the same or a prior date conveying or encumbering the ownership of the same real property or property right can be recorded or entered, and in the *Compañía Azucarera de Carolina* v. *The Registrar,* 19 P. R. R. 146, we said that the legality was to be determined from the documents, taking into account, in accordance with section 17, the other records relating to the same property. The registrar said in his answer that Galindo and Escosura had suggested that it would be convenient to have a decision as to whether the registrar, although not under the obligation to do so, had not the right to examine other documents known to him. Besides the case cited, we have decided this point in the cases of *Estate of Ramírez* v. *The Registrar,* 16 P. R. R. 297, and *La Plata Tobacco Company* v. *The Registrar,* 20 P. R. R. 27. In the first of the said cases we said that when a document is presented in the registry for record, the registrar is not bound to make an examination of all of his files to ascertain whether or not the parties executing the same are authorized so to do. All the necessary authority must appear from the document itself which is

sought to be recorded or from others attached thereto. In the second of the said cases we said that the registrar is only required to examine the document presented to him for record, those accompanying the same and what may appear in the books of the registry regarding the property referred to in the deed presented for record, but he is not required to consult other documents on file in his office. See also *Rivera* v. *The Registrar,* 17 P. R. R. 307, and *Colón* v. *The Registrar,* 22 P. R. R. 510. In any event we think the right of the registrar to examine could only arise from a duty imposed upon him. The inconvenience to the public of the thing contended for by the registrar would be enormous. It would tend to throw uncertainty into the registry system itself. Suppose, for example, an intending purchaser of a promissory note in this case. He examines all the documents on file in regard to the particular property. Does he then have to go through all the other documents of the registry or ask the registrar? The accident of another statement in another record could not affect a third person.

Moreover, the registrar refused the record of the deed for the reason that the legal character of the mortgaged property had not been determined and, consequently, the capacity of the appellant to encumber the same as his own property, but in his brief he relies alone on a different motive, namely, that from other records in the registry it appears that the appellant was married when he acquired a portion of the property which he now mortgages as a widower. The brief is not the place in which the registrar should assign the legal reasons for his decision, but, pursuant to the imperative provisions of the act providing for appeals from decisions of registrars of property, approved March 1, 1902, it is his duty to set them out clearly at the foot of the document presented. *Machuca, Sons & Co.* v. *The Registrar,* 22 P. R. R. 701. Therefore the said sole reason assigned in his brief should not be considered in this appeal.

The decision appealed from should be reversed and the record of the mortgage deed ordered accordingly.

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.